UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE DETROIT CARPENTERS FRINGE BENEFIT FUNDS,<br><br>    Plaintiffs,<br><br>v.<br><br>RETAIL FINISHES, INC.,<br><br>    Defendant. | Case No. 25-cv-13620<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs are trustees and fiduciaries (the "Trustees") of the Detroit Carpenters Fringe Benefit Funds (the "Funds"). Defendant Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All-In-1 Construction is a Michigan domestic profit corporation that does business in the construction industry ("Retail Finishes").

Retail Finishes is a party to a collective bargaining agreement that requires the company to make fringe benefit contributions to the Funds on behalf of Retail Finishes' CBA-covered workers. The Trustees commenced this Employee Retirement Income and Security Act ("ERISA") collection action after Retail Finishes failed to make fringe benefit contributions to the Funds. (ECF No. 1). The

Clerk of the Court entered default against Retail Finishes after it failed to appear, plead, or otherwise defend this action. (ECF No. 7).

The Trustees now move for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 8). Retail Finishes again failed to respond or otherwise appear or attempt to set aside the default entered against it. So the well-pled allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). After reviewing the complaint, the unopposed motion for default judgment, and the filings of record, the Court finds that:

1. The Trustees commenced this action against Retail Finishes on November 13, 2025. (ECF No. 1).

2. The complaint alleges the following claims for relief against Retail Finishes: failure to make benefit contributions under ERISA. (*Id.*, PageID.2-3, ¶¶ 4-8).

3. The Trustees served Retail Finishes with copies of the summons and complaint on December 9, 2025. (ECF No. 4, PageID.20).

4. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1331; 29 U.S.C. §§ 185, 1132. (ECF No. 1, PageID.2, ¶ 3).

5. The Court has personal jurisdiction over Retail Finishes under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–775, and the Due Process Clause, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-60 (2021); *see also Lomax v. Marketplace Homes Lending, LLC*, No. 23-

13018, 2024 U.S. Dist. LEXIS 186401, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). The Court is satisfied that Retail Finishes "transact[s] . . . business within the state" and "[e]nter[ed] into a contract for services to be performed . . . in the state." Mich. Comp. Laws § 600.715(1), (5).

6. When Retail Finishes failed to timely answer the complaint, the Clerk of the Court entered default against the company on January 7, 2026. (ECF No. 6).

7. The default concedes the truth of the complaint's allegations as to Retail Finishes' liability on the count asserted against it. Fed. R. Civ. P. 8(b)(6); *see also Jones v. Pekoske*, No. 21-1061, 2021 U.S. App. LEXIS 36223, at *5-6 (6th Cir. Dec. 7, 2021).

8. According to the complaint, and the documents attached to it, Retail Finishes is a signatory to a collective bargaining agreement ("CBA") with the Michigan Regional Council of Carpenters, AFL-CIO. (ECF No. 1, PageID.2, ¶ 3).

9. The CBA requires Retail Finishes to remit periodic fringe benefit contributions to the Funds on behalf of its CBA-covered laborers. (ECF No. 1, PageID.2, ¶ 5).

3

10. Pursuant to the CBA, the Funds demanded an independent audit of Retail Finishes' books and records from August 1, 2021 through the present date. (ECF No. 8, PageID.29, ¶¶ 5-6).

11. Retail Finishes failed to turn over its books and records pursuant to the Trustees' August 7, 2025 demand letter. (ECF No. 1, PageID.3, ¶¶ 7-8; ECF No. 8-3, PageID.45-47).

Based on these findings, it is hereby,

ORDERED that the Trustees' motion for default judgment (ECF No. 8) is granted.

IT IS FURTHER ORDERED that Retail Finishes must produce its books and records for the period from August 1, 2021 through the date of production of its books and records.

IT IS FURTHER ORDERED that the applicable books and records comprise the items listed in Attachment A to the Trustees' August 7, 2025 demand letter. (ECF No. 8-3, PageID.47).

5

IT IS FURTHER ORDERED that the Court will retain jurisdiction for the purpose of issuing an amended or supplemental default judgment to award the Trustees (1) Retail Finishes' delinquent fringe benefit contributions found due and owing after an audit is completed, and (2) the attorney fees and costs incurred pursuing this action.

IT IS FURTHER ORDERED that this is a final order, the terms of which are effective immediately.

Dated: January 13, 2026            s/ Robert J. White
                                                                           Robert J. White
                                                                           United States District Judge